CENTRAL TRUST CO. OF NEW YORK v. VALLEY RY. CO.

(Circuit Court, N. D. Ohio, E. D. June 1, 1893.)

No. 4,994.

RECEIVERS—LIABILITIES—ATTORNEYS' FEES.

A trust company, which has been compelled to come into court in order to collect from the receiver of a railroad company certain rentals justly due, cannot claim compensation for the services of its solicitors in procuring the order for payment, when such services were entirely for its own benefit, and not for the purpose of saving or adding to the fund which is to be distributed to the creditors in general. Investment Co. of Philadelphia v. Ohio & N. W. R. Co., 46 Fed. Rep. 696, and Easton v. Railroad Co., 40 Fed. Rep. 189, distinguished.

In Equity. Application for an order requiring the receiver to pay solicitors' fees. Denied.

C. E. Pennewell and Amos Dennison, for petitioner.

S. E. Williamson, for bondholder committee.

RICKS, District Judge. This case comes before the court on the application of the Fidelity Insurance, Trust & Safe-Deposit Company of Philadelphia, Pa., trustee, for compensation to its solicitors for services rendered in procuring an order upon the receivers to pay the car rental due under the contract. In support

of this application counsel have cited the case of Investment Co. of Philadelphia v. Ohio & N. W. R. Co., 46 Fed. Rep. 696, and the case of Easton v. Railroad Co., 40 Fed. Rep. 189. In both these cases the party claiming compensation from the court was a trustee named in the mortgage foreclosed, upon whom, by virtue of that contract relation, certain duties devolved connected with the mortgages. In the case in 46 Fed. Rep. the trustee, having declined to proceed with a suit of foreclosure, and that duty having devolved upon the complainant for himself and other bondholders, the court disallowed the claim of the trustee for compensation, but did allow compensation for the complainant. The trustee in that case had been made a defendant, and his duties were merely nominal. No active service on his behalf was performed in executing the trust and bringing the fund into court available for distribution to the beneficiaries under the mortgage. In the case in 40 Fed. Rep. compensation was allowed the trustees of the several mortgages in that case, because it appeared from the report of the master, as reviewed by the court, that active duties had devolved upon those trustees, and that by virtue of their relation to the mortgage compensation was justly due to them.

But in the case now before the court the services rendered by the applicant were solely on its own behalf, and to recover a claim due it under the contract with the defendant railroad company. The applicant in this case stands as every other creditor of the receiver, with the exception that it is to a certain extent preferred, having a right to the possession of the cars for which rental is claimed in case said rental is not paid. In the case of Trustees v. Greenough, 105 U. S. 527, the supreme court reviews very fully the circumstances under which compensation is allowed to a complainant for services rendered for rescuing and bringing into court a fund which is afterwards distributed for the benefit of all the creditors. In that case the complainant, suing for himself and all other creditors, had in the fullest sense of the word rescued a fund which was being neglected and dissipated by the inattention of the trustee charged with the duty of protecting it. Large risks were taken by the complainant in said suit; not only the risk of being obliged to pay the costs of the proceeding, but liability for very expensive counsel fees, and for a very large outlay of money necessary to secure testimony to establish his case. All this risk and outlay was as much for the benefit of the other creditors as for himself, and the facts disclosed a case in which the complainant literally rescued a very large fund, which would otherwise have been lost to the creditors. In that case the court allowed him liberal compensation, upon the ground that he had rendered great service to the other creditors, and without such service and expenditures on his part they would probably have lost all they had risked in the fund.

No such services are claimed for the applicant in this case. It has not added to the fund to be distributed among the creditors, nor has it saved a fund which would otherwise have been dissipated and lost. Its only claim is that it has been compelled to come into

court to have allowed an undisputed claim. Counsel contend that the receivers ought to have moved in this matter, because the claim was one which the receivers recognized to be just, as rentals for cars which they had in their possession and actual use; and because the receivers did not move in these proceedings, and the applicant was compelled to do so, therefore counsel fees are due to it out of the fund to arise in this case. But it is not the duty of the receivers to proceed affirmatively, and procure the allowance of every claim preferred against them. The receivers are the officers of the court, and the order appointing them states generally the nature of the claims which they are authorized to pay. The claim represented in the motion now under consideration was one which required the issuing of receivers' certificates, and for which affirmative action on the part of some one was necessary. It was not part of the receivers' duty to move affirmatively in this matter, but it was the duty of the creditor so to do. The same duty devolves upon every creditor having a claim against this insolvent railroad. If compensation were allowed the solicitors for this complainant, for the same reasons it would be the duty of the court to pay counsel for almost every creditor having a claim against the receivers. The receivership, therefore, instead of conserving the property, and husbanding its resources for the payment of the largest sum possible to the creditors, would result in dissipating the fund largely by the payment of fees to the solicitors of every intervening petitioner. This would make the administration of an insolvent railroad company a very expensive proceeding. The federal courts recognize the hardship and injustice of compelling just creditors to institute proceedings in court to establish just claims by allowing to counsel for the prevailing party a docket fee. Of course, this docket fee is not a large sum, but it is a partial compensation to the creditor for being compelled to assume the expense of establishing a claim which the debtor ought to have recognized and paid without a suit; but this policy is not carried into cases involving the distribution of the assets of insolvent corporations, which are trust funds for the benefit of all creditors. The policy of the courts in such cases is to lessen the expenses as far as can be done, and bring into court for distribution the largest fund possible. I think, therefore, the claim of counsel must be disallowed.